FILED
Mar 29, 2018
08:00 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Donna Parker, | ) Docket No. 2017-08-1047 |
|     Employee, | ) |
| v. | ) |
| Northgate Veterinary Hospital, LLC, | ) State File No. 95939-2016 |
|     Employer, | ) |
| And | ) |
| NorGuard Insurance Co., | ) Judge Deana Seymour |
|     Carrier. | ) |

## EXPEDITED HEARING ORDER

This case came before the undersigned Workers' Compensation Judge on March 7, 2018, upon Donna Parker's Request for Expedited Hearing. The controlling issue is whether Ms. Parker proved she is likely to prevail at a hearing on the merits for entitlement to neurological treatment.[1] Because Ms. Parker did not meet this burden, the Court denies her request at this time.

### History of Claim

Ms. Parker worked as a kennel manager for Northgate. On December 13, 2016, she tripped over a cage door, hitting her forehead and right shoulder on a cabinet.[2] Northgate provided emergency treatment at Methodist Hospital. Her medical team diagnosed Ms. Parker with a displaced shoulder fracture and contusions to her head and left knee. A head CT scan did not reveal a concussion. Ms. Parker was discharged with concussion precautions and instructions to return if she developed concussive symptoms.

---

[1] Ms. Parker also asked for temporary disability benefits at the hearing. However, the Dispute Certification Notice did not include temporary disability as an issue, so the Court declines to address this issue. Tenn. Code Ann. § 50-6-239(b)(1)(2017).

[2] Northgate did not dispute this work accident.

1

Her medical records did not show a return visit.

Northgate provided authorized treatment with Dr. Grinspun from December 14, 2016, through October 31, 2017, when he placed her at maximum medical improvement for her shoulder injury. During that treatment, her medical providers noted a few complaints of fogginess and memory issues. However, Dr. Grinspun never referred her to a neurologist.

Ms. Parker credibly testified that she experienced headaches, memory loss, confusion, and stress since the accident. Her daughter, Amy Parker, and friend, Susan Brower, confirmed her cognitive issues since the work injury. Amy Parker mentioned memory problems, depression, and confusion. Ms. Brower discussed Ms. Parker's frequent headaches, lack of focus, and fear of new places. Both witnesses described Ms. Parker as outgoing and active before her injury.

Northgate denied Ms. Parker's request for a neurologist, contending her work injury did not cause her current symptoms.

### Findings of Fact and Conclusions of Law

#### *Standard Applied*

At an expedited hearing, Ms. Parker need not prove every element of her claim by a preponderance of the evidence but must present sufficient evidence that she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Ms. Parker of the burden to produce evidence of an injury by accident that arose primarily out of and in the course and scope of employment but "allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

#### *Analysis*

Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that an employer "shall furnish . . . such medical and surgical treatment . . . *made reasonably necessary*" by an injury (emphasis added). "The question of whether a particular medical treatment is 'made reasonably necessary' must be answered based upon the proof presented at the time the treatment is proposed." *Limberakis v. Pro-Tech Sec.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53 at *5-6 (Sep. 12, 2017). At the hearing, Ms. Parker requested neurological treatment for her head injury.

2

The Court found Ms. Parker gave credible testimony about her head injury. Such testimony is not to be disregarded. *Id.* at *6. However, the Court cannot order medical benefits based upon Ms. Parker's credibility alone, as it cannot make independent medical determinations without expert medical proof. *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018). Ms. Parker cannot rely on her own medical interpretation of the present proof to successfully support her argument for neurological treatment. Instead, she must present sufficient evidence indicating she is likely to prevail at a hearing on the merits regarding her entitlement to neurological treatment. *Argica v. AtWork Pers. Servs.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *8-9 (Feb. 2, 2016).

The Court finds no mention of Ms. Parker's need for neurological treatment in the numerous medical records. Without such proof, the Court holds Ms. Parker is unlikely to prevail at a hearing on the merits on entitlement to neurological treatment and denies her request at this time. Because of this holding, the Court need not address Ms. Parker's request for attorney fees.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Parker's request for neurological treatment is denied at this time.

2. This matter is set for a Scheduling Hearing on **May 7, 2018, at 10:30 a.m. Central Time.** The parties must call 615-532-9550 or toll-free at 866-943-0014 to participate in the hearing. Failure to call may result in a determination of the issues without the parties' participation.

**ENTERED March 29, 2018.**

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Exhibits:
1. Medical records with Table of Contents (Collective)
2. Form C-20 Employer's First Report of Work Injury or Illness
3. Form C-41 Wage Statement
4. Photograph of Ms. Parker's head
5. Ms. Parker's discovery responses to Northgate's written discovery
6. Petition for Benefit Determination
7. Affidavit of Donna Parker


Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Addition to Dispute Certification Notice
4. Request for Expedited Hearing, with attached Affidavit of Donna Parker
5. Northgate's Position Statement Regarding Denial of Panel of Neurologists
6. Ms. Parker's Pre-Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients by the following methods of service on March 29th, 2018.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|---------------|-----|--------------|-------|---------|
| Eric Lewellyn, Employee's attorney | | | | X | eric.lewellyn@beyourvoice.com |
| Allen Callison, Employer's attorney | | | | X | acallison@chartwelllaw.com |

**Penny Shrum, Court Clerk**
for **Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4